STATE OF NORTH CAROLINA v. DAVID W. GAINEY

No. 8626SC391

(Filed 20 January 1987)

1. **Automobiles and Other Vehicles § 3.3— driving while license revoked—improper impeachment questions—defendant not prejudiced**

    In a prosecution of defendant for driving while his license was revoked and unlawful towing, defendant failed to show prejudice in the trial court's error in permitting impeachment of defendant by allowing the introduction of evidence that defendant had been convicted of offenses which did not provide for punishment in excess of 60 days, since defendant admitted the offenses charged in this case.

2. **Automobiles and Other Vehicles § 3— driving while license revoked—defense of necessity—insufficiency of evidence**

    In a prosecution of defendant for driving while his license was revoked and unlawful towing, the trial court was not required to instruct on the defense of necessity where defendant claimed that his car broke down on a busy highway; it was necessary to move the vehicle immediately, but he could not afford the time or money to have it towed; he attempted to push the car with his van but was stopped by a highway patrolman; the car was then pushed off the road without defendant being behind the wheel of the car or the van; and defendant thus had several legal alternatives available so that the necessity defense was inapplicable.

APPEAL by defendant from *Friday, Judge*. Judgment entered 18 February 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 28 August 1986.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Richard L. Griffin for the State.*

*Moore, Van Allen, Allen & Thigpen by Robert C. Ervin for defendant appellant.*

COZORT, Judge.

Defendant was charged upon proper indictments issued 3 August 1985 charging him with (1) driving while his license was revoked, G.S. 20-28; and (2) unlawful towing in violation of G.S. 20-123(b). Defendant was convicted of driving while his license was revoked and given a suspended six-month sentence. The defendant was put on supervised probation for two years, unsupervised probation for one year, ordered to pay a fine and costs, and ordered not to operate a motor vehicle in North Carolina until he is licensed by the Division of Motor Vehicles. On appeal of his conviction defendant alleges as assignments of error (1) that the trial court erred in permitting impeachment of the defendant, by introduction of prior offenses with punishment of less than sixty days in violation of the sixty-day provision of G.S. 8C-1, Rule 609; and (2) that the trial court erred in failing to instruct the jury on the defense of necessity. We find no error.

On 3 August 1985, the defendant and his wife and son went to pick up a 1974 Ford Mustang which had stopped running the day before at a car wash on Monroe Road in Charlotte, North Carolina. They were riding in a 1976 Chevrolet van. After working on the Mustang, the defendant got it to start. Defendant's wife drove the Mustang out of the car wash lot and defendant's son followed her in the van until the Mustang cut off on Eastway Drive, a four-lane road. Defendant's son stopped the van behind the car. The car and van were stopped in the right-hand lane on a hill with a forty-five mile per hour speed limit.

The defendant and his son tried unsuccessfully to push the car up the hill into a driveway. The defendant testified he could not repair the car as he had earlier because it would have required crawling underneath the car. Defendant, whose license had

been revoked, began driving the van to push the Mustang up Eastway Drive. His wife was steering the Mustang, and his son rode with him in the van.

Highway Patrol Officer Alvin Jeffrey Taylor, who had been stopped in the left-hand lane of Eastway Drive waiting for another car to turn left, saw the van push the Mustang past his patrol car. He turned on his blue light and pulled the defendant over to the side of the road. Patrolman Taylor then gave defendant a citation for driving while his license was revoked, G.S. 20-28, and unlawful towing, G.S. 20-123(b).

After Trooper Taylor stopped traffic on Eastway Drive, the Mustang was pushed off the road without the defendant being behind the steering wheel.

[1] Defendant's first assignment of error is that the trial court erred in permitting impeachment of the defendant by allowing the introduction of evidence that defendant had been convicted of offenses which did not provide for punishment in excess of sixty days, in violation of G.S. 8C-1, Rule 609, which was prejudicial to the defendant under G.S. 8C-1, Rule 403. While the State concedes the admission of the evidence concerning the convictions (failure to follow a truck route and improper turning) was improper under G.S. 8C-1, Rule 609, it argues that the error is not prejudicial to the defendant.

In *State v. Milby*, 302 N.C. 137, 273 S.E. 2d 716 (1981), the standard for prejudicial error is set out as follows:

> It is well-established that the burden is on the appellant not only to show error but also to show that he suffered prejudice as a result of the error. *E.g., State v. Chapman*, 294 N.C. 407, 241 S.E. 2d 667 (1978). The test for prejudicial error is whether there is a reasonable possibility that the evidence complained of contributed to the conviction, G.S. 15A-1443 (1978), not whether the appellate court is able to conclude beyond a reasonable doubt that the evidence was harmless to the rights of a defendant. The latter standard is appropriately invoked only in matters of constitutional dimension. *State v. Heard & Jones*, 285 N.C. 167, 203 S.E. 2d 826 (1974).

*Id.* at 142, 273 S.E. 2d at 720.

In this case the defendant admits driving the van while his license was revoked in violation of G.S. 20-28. No prejudice has been shown by the defendant. We find the admission of the evidence did not prejudice the defendant.

Defendant also contends that the admission into evidence of three other convictions, two for driving while impaired and one for hit and run, was error because the defendant was unfairly prejudiced by the admission of the evidence, citing G.S. 8C-1, Rule 403. For the reasons expressed in the preceding paragraph, we find no merit to defendant's contention.

[2] Defendant's last assignment of error concerns the trial court's failure to instruct the jury on the law of the defense of necessity. The State and defendant contend, and we agree, that the necessity defense has not been considered in North Carolina cases thus far. Nonetheless, the defendant argues the trial judge's refusal to instruct the jury on the necessity defense stripped the defendant of a meritorious defense.

In defining necessity as a defense, Black's Law Dictionary 929 (rev. 5th ed. 1979) states: "A person is excused from criminal liability if he acts under a duress of circumstances to protect life or limb or health in a reasonable manner and with no other acceptable choice." In discussing the applicability of this defense, LaFave and Scott state:

> The pressure of natural physical forces sometimes confronts a person in an emergency with a choice of two evils: either he may violate the literal terms of the criminal law and thus produce a harmful result, or he may comply with those terms and thus produce a greater or equal or lesser amount of harm. For reasons of social policy, if the harm which will result from compliance with the law is greater than that which will result from violation of it, he is justified in violating it. Under such circumstances he is said to have the defense of necessity, and he is not guilty of the crime in question — unless, perhaps, he was at fault in bringing about the emergency situation, in which case he may be guilty of a crime of which that fault is an element.

LaFave and Scott, Criminal Law Sec. 50 at 381 (1972).

---

The United States Supreme Court recognized the necessity defense in *United States v. Bailey*, 444 U.S. 394 (1980), and qualified its use as follows:

> Under any definition of these defenses one principle remains constant: if there was a reasonable, legal alternative to violating the law, "a chance both to refuse to do the criminal act and also to avoid the threatened harm," the defenses will fail. LaFave & Scott 379.

*Id.* at 410.

We do not have to reach the issue of whether the defense of necessity should be recognized in North Carolina because the evidence in this case clearly does not meet the requirements of this defense. The defendant here had several legal alternatives available. Defendant argues he had no choice but to drive the Mustang in order to remove it from the road. However, the evidence clearly shows the Mustang was finally moved off the roadway without defendant being behind the steering wheel. Defendant also argues that a tow truck was not practical because of the immediacy of the situation and that he could not afford a tow or to have his car worked on by others. This claim of practicability and economic necessity does not meet the standard set out for the necessity defense.

The trial court's refusal to instruct the jury on the necessity defense was proper. We find no error.

No error.

Judges BECTON and JOHNSON concur.